**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**
_____

No. 95-40769
_____

GLEN C. JAMES,

Plaintiff-Appellant,

VERSUS

JAMES A. COLLINS, ET AL.,

Defendant-Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Texas
(9:95-CV-102)
_____

March 7, 1996

Before REAVLEY, DAVIS, and SMITH, Circuit Judges

PER CURIAM:[1]

Glen C. James appeals the district court's adoption of a magistrate's report recommending denial of James' application for a preliminary injunction in his civil rights action alleging that his conditions of confinement constitute cruel and unusual punishment in violation of the eighth amendment.  We AFFIRM.

I.

This is a civil rights complaint against the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), the Texas Board of Criminal Justice, and numerous employees of the TDCJ-ID, alleging unconstitutional conditions of confinement within the TDCJ-ID and seeking damages and injunctive relief, including an order that he receive a single-cell assignment.

James alleges, among other things, that the defendants "housed him with sexual perverts" and failed to protect him from these inmates causing him to seek medical care

---

[1]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

from a psychologist. James filed a motion for a preliminary injunction and/or for a temporary restraining order (TRO) alleging that he was "routinely confined to small cells with other inmates who constantly engage in sexual misconduct" and that this housing constituted cruel and unusual punishment. He alleged that his requests for assistance from prison officials had been denied. In an affidavit in support of the motion, James alleged that one of his cellmates masturbated "on a daily basis, sometimes 8-10 times per day" and that he constantly showed his penis to passing female employees. He alleged that his cellmate recently ejaculated into a container and handed the container to an inmate in the adjacent cell who drank the contents. In another affidavit submitted in support of James' motion for injunctive relief, James stated that his cellmate was "starting to act and say things that indicate he may attack [James]." James also filed with the court a copy of a note, presumably written by James to a prison employee, in which James stated that his cellmate was threatening him, "acting real weird, and engaging in extreme sexual misconduct." In the note, James stated that he feared for his safety because his cellmate told James that he would "stick" James if James reported the sexual misconduct. James also filed with the court grievances to prison officials in which James requested a single-cell housing assignment. In one of the grievances, James alleged that his cellmate threatened him and was "attempting to start trouble with him."

Both the magistrate judge and the district court accepted James' allegations as true but found that James failed to satisfy the requirements of a preliminary injunction. Specifically, they found that James failed to allege facts sufficient to provide him with a substantial likelihood of success on the merits of his cruel and unusual punishment claim. James filed a timely appeal.

II.

We review the district court's denial of a preliminary injunction for abuse of discretion. Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). Denial of a motion for a TRO is not appealable. In re Lieb, 915 F.2d 180, 183 (5th Cir. 1990). To obtain a

2

preliminary injunction, James was required to show:

> (1) a substantial likelihood of success on the m erits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest.

Lakedreams, 932 F.2d at 1107. "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish any one of the four criteria." Black Fire Fighters Ass'n v. City of Dallas, 905 F.2d 63, 65 (5th Cir. 1990).

A prisoner's allegations challenging the conditions of confinement are subject to the "deliberate indifference" standard. Wilson v. Seiter, 501 U.S. 294, 303 (1991). To establish deliberate indifference, James must show that the defendants (1) were aware of facts from which an inference of an excessive risk to James' health or safety could be drawn and (2) drew an inference that such potential for harm existed. See Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). The issue is whether, under the Eighth Amendment, the conditions resulted in the "wanton and unnecessary infliction of pain," as well as exposure to egregious physical conditions that deprived James of basic human needs. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To establish a failure-to-protect claim, James must show he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

We agree with the district court that no substantial likelihood existed that the conditions alleged by James would be found to constitute cruel and unusual punishment. James failed to allege that he had been sexually assaulted or faced an excessive risk to his health or safety. James' only allegation was that he received verbal threats of retaliation for his reporting of his cellmate's sexual misconduct. James does not claim that his cellmate has given any indication that he would carry out his threats or that his cellmate has attacked other inmates in the past. Verbal threats are common in prisons and without more, we cannot conclude that James faced an excessive risk to his safety or that

3

such an inference should have been drawn by the defendants. Further, even if such an inference could have been drawn from the threats and sexual misconduct, there is no support, even in James' allegations, for the required finding that defendants actually drew the inference that James faced an excessive risk of serious injury.

For these reasons we agree with the magistrate and the district court that, even if we accept James' allegations as true, James has failed to show a substantial likelihood of success on the merits of his civil rights claim. Since James has failed to satisfy the first prong of the preliminary injunction standard, we will not address the others. Accordingly, we affirm the district court's decision denying James' application for a preliminary injunction.

AFFIRMED.